UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL COSBY,

        Plaintiff,                     Case No. 19-10847

vs.                                   HON. MARK A. GOLDSMITH

OAKLAND COUNTY, et al.,

        Defendants.

_____/

**OPINION & ORDER
GRANTING DEFENDANTS MICHAEL J. BOUCHARD AND OAKLAND COUNTY'S
MOTION FOR SUMMARY JUDGMENT (Dkt. 23), GRANTING IN PART
DEFENDANTS D'ANGELO, DEVITA, AND LINDSEY'S MOTION FOR SUMMARY
JUDGMENT (Dkt. 24), AND DISMISSING THE REMAINING CLAIMS WITHOUT
PREJUDICE**

Two sets of Defendants have filed motions for summary judgment. Sheriff Michael Bouchard and Oakland County filed the first motion, based on Plaintiff Michael Cosby's inability to establish a viable claim of municipal liability under City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989), and Bouchard's absolute immunity to state law tort claims (Dkt. 23). Cosby has conceded all claims against these Defendants. Resp. at 18 (Dkt. 31). Bouchard and Oakland County's motion is granted in full.

Defendants D'Angelo, Lindsey, and Devita ("individual Defendants"), three Oakland County Sherriff's Deputies sued in their individual capacities, have also filed a motion for summary judgment (Dkt. 24). Cosby has conceded claims against them for intentional infliction of emotional distress, Resp. at 18, and for a deprivation of his rights under the Fourteenth

Amendment, id. at 12.[1] What remains are a series of federal and state claims for unlawful arrest, assault and battery, malicious prosecution, and false arrest/false imprisonment. For reasons that follow, Defendants are entitled summary judgment on the federal claims. Because the federal constitutional claims fail, this case no longer retains a federal character, and the state law claims not conceded are dismissed without prejudice.

## I. BACKGROUND

On March 22, 2017, the individual Defendants effectuated a traffic stop and eventually arrested Anthony Lavallis, an individual who is not a party to this case.[2] The parties differ in their characterization of the events that followed. The factual disputes do not figure into the decision in this case for reasons explained below, but they provide necessary background for understanding the parties' positions.

Cosby arrived at the scene and "exclaim[ed] . . . that what the deputies were doing was wrong." PSMF ¶ 5. The parties dispute whether Cosby's behavior was "loud and inexplicably defiant." See Defs. Statement of Material Facts Not In Dispute ¶ 7 ("DSMF") (Dkt. 24); PSMF

---

[1] Any federal constitutional claims against the officers would be under the Fourteenth Amendment, as the Fourth Amendment does not operate against state officials except by way of the Fourteenth Amendment, under the incorporation doctrine. See generally Barron v. Baltimore, 32 U.S. 243 (1833) (holding the Bill of Rights inapplicable to state governments, prior to the ratification of the Fourteenth Amendment); Mapp v. Ohio, 367 U.S. 643 (1961) (finding the exclusionary rule applicable to the states by way of incorporation). The Court understands Cosby to refer to his equal protection and substantive due process claims asserted at ¶ 22 of his complaint, and summary judgment is accordingly awarded to the individual Defendants on those claims, based on Cosby's concession.

[2] Cosby's factual allegations, as asserted both in his Statement of Material Facts ("PSMF") and his Counter-Statement of Material Facts ("PCSMF") frequently cite "Ex. A" which appears to refer to an affidavit that was not included in either of the two filings of his response brief (Dkts. 31, 32). The individual Defendants have labeled this "a phantom affidavit that does not exist," Reply at PageID.382 (Dkt. 32); Cosby has made no effort to cure this defect in his filing. The Court largely draws its background facts from the individual Defendants' uncontested allegations and Cosby's allegations in the PSMF and PCSMF.

2

¶ 7. The individual Defendants allege that Cosby's behavior drew the attention of a gathering crowd, leaving them "no choice but to initiate Plaintiff's arrest (under a local ordinance for Disorderly Person) to control the scene." PSMF ¶ 7. The individual Defendants cite video from Lindsey's forward-facing dashboard camera to support this proposition. See Lindsey Forward-Facing Camera, Ex. 2 to Mot. (Dkt. 24-1) (filed in the traditional manner). This camera angle does not capture Cosby's behavior on video, nor the "scene" the officers allegedly could control only by arresting Cosby. The audio captures a heated exchange between Cosby and the officers, in which Cosby made statements including, "I'd like to catch you all without your badges on," and "I'll be honest . . . you don't want to see me." Lindsey Forward-Facing Camera at 6:30-7:00; DSMF ¶ 6; PSMF ¶ 6. However, the video does not contradict Cosby's allegation that the individual Defendants' arrest of Lavallis, not Cosby's behavior, drew the crowd, nor does it demonstrate unambiguously that Cosby's arrest was necessary to control an otherwise uncontrollable scene. Although the individual Defendants characterize Cosby's behavior as "aggressive," Defs. Reply Statement of Material Facts Not in Dispute ¶ 1 ("DRSMF") (Dkt. 32), they admit that Cosby never "directly threatened" them, id. ¶ 8, and that Cosby did not attempt or actually assault the deputies, id. ¶ 10.

Cosby "was arrested, put in handcuffs, and searched . . . ." PSMF ¶ 8. After one of the officers allegedly smelled alcohol on Cosby's breath and Cosby admitted that he had had "two beers" earlier in the day, he was taken to a patrol car and given a preliminary breath test. Id. at ¶¶ 8-9. Cosby has characterized the tests as involuntary. Id. ¶¶ 8-9. He was then taken to McLaren Hospital, "where he was given a blood test without his consent." Id. ¶ 8.

Because Cosby had driven to the scene of Lavallis's arrest, Cosby was prosecuted in the 50th District Court, Oakland County, Michigan, for operating a motor vehicle while intoxicated.

See 50th Dist. Ct. Tr., Ex. 5 to Resp. (Dkt. 24-1); Cir. Ct. App. Tr. at PageID.355, Ex. D to Resp. (Dkt. 31-3). Cosby filed a motion to dismiss, arguing that the arrest was unlawful, that the alcohol tests should be suppressed under the exclusionary rule because they were incidental to the unlawful arrest, and that admissible evidence could not sustain a conviction. See generally 50th Dist. Ct. Tr.; Cir. Ct. App. Tr. The trial court found that there was no probable cause for the arrest for disorderly conduct and dismissed the case. 50th Dist. Ct. Tr. at PageID.262. The People argued on appeal to the circuit court that the district court did not rule on the issue of whether the police had reasonable cause to administer the preliminary breath test. See Cir. Ct. App. Tr. at PageID.356-357. The appellate court found that the deputies lacked probable cause to administer the preliminary breath test and affirmed the district court's decision to suppress the evidence and dismiss the criminal charges. Id. at PageID.356-358.

Cosby filed this action, alleging, in relevant part, false imprisonment/false arrest, Compl. ¶¶ 15-20; Fourth and Fourteenth Amendment Violation, Compl. ¶¶ 21-28 (citing the due process and equal protection clauses of the Fourteenth Amendment); and malicious prosecution, Compl. ¶¶ 29-34.

## II. STANDARD OF REVIEW

A motion for summary judgment under Federal Rule of Civil Procedure 56 shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when there are "disputes over facts that might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (2007). "Where the record taken as a whole

could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The moving party may discharge its burden by showing "that there is an absence of evidence to support the nonmoving party's case." Horton v. Potter, 369 F.3d 906, 909 (6th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

### III. ANALYSIS

Cosby has created some serious difficulty in determining what federal claims he asserts in this lawsuit. This created a challenge for the individual Defendants in bringing their motion. See Mot. at 8 ("To begin, Defendants can only be made to guess what possible constitutional violation occurred under these circumstances."). In the complaint, Cosby does not state whether the false imprisonment/false arrest claim is brought as a state tort or a federal constitutional claim. Compl. ¶¶ 15-20. In his response brief, he addresses these claims under state law. See Resp. at 15-18. However, in the portion of his brief addressing the individual Defendants' assertion of qualified immunity for alleged violations of the Constitution, he addresses his "fourth amendment right against unreasonable seizure" and the "unlawful arrest." Resp. at 13.

The confusion does not stop there. The title of Count II of the complaint refers to the Fourth and Fourteenth Amendments, but that section only refers to equal protection and substantive due process rights under the Fourteenth Amendment, and Cosby has conceded that he lacks a claim based on either of those rights. Compl. ¶¶ 21-28. Count III of the complaint refers to malicious prosecution and cites state law. Id. ¶¶ 29-34. However, in his response brief to the instant motion, in the section of his brief otherwise addressing state law claims, he cites Sykes v. Anderson, 625 F.3d 294, 308-309 (6th Cir. 2010). See Resp. at 14-15. Sykes affirmed and

5

clarified the Sixth Circuit's recognition of a "constitutionally cognizable claim of malicious prosecution under the Fourth Amendment." Id. at 308.

Out of this morass, the Court discerns two possible federal constitutional claims, both under the Fourth Amendment, as incorporated by the Fourteenth Amendment. The first is for unlawful arrest, and the second is for malicious prosecution. Each is addressed in turn.

### A. False Arrest under the Fourth Amendment

The individual Defendants have asserted qualified immunity with respect to Cosby's federal claim that the Court interprets to be based on his right to be free from false arrest under the Fourth Amendment, as incorporated by the Fourteenth Amendment. "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." Ouza v. City of Dearborn Heights, Michigan, 969 F.3d 265, 275 (6th Cir. 2020) (internal marks and citations omitted). Courts "have discretion to choose which prong of the qualified immunity inquiry to consider first." Id. If the Court does not find that the plaintiff's right was clearly established at the time of the defendant's conduct, it does "not need to go on to decide whether the alleged conduct was in fact unconstitutional," although it may choose to do so. Id.

Although it has long since been "clearly established that arrest without probable cause violates the Fourth Amendment[,] . . . the Supreme Court has continually cautioned courts not to define a constitutional right at a high level of generality when performing the qualified immunity analysis." Id. at 279-280 (internal marks and citations omitted). Here, Cosby asks the Court to do precisely that. He implies, but does not state explicitly, that he is asserting either his right to be free of "unlawful arrest" or his "right against unreasonable seizure," but he cites nothing more

specific than that. Resp. at 12-13.  Without a more specific right than the right to be free of arrest without probable cause, Cosby cannot defeat qualified immunity. Ouza, 969 F.3d at 280.  The Sixth Circuit has explained that defining the right at issue in a false arrest claim as the right to be free from arrest without probable cause is too general. Legenzoff v. Steckel, 564 Fed. App'x 136, 141 (6th Cir. 2014).  Instead, "the right at issue is whether it was clearly established that the circumstances with which the officers were confronted did not constitute probable cause for purposes of the Fourth Amendment." Id. (internal marks omitted).  Cosby has not defined the circumstances with which the officers were confronted in a manner that permits comparison with other cases, nor has he "identified a single precedent—much less a controlling case or robust consensus of cases—finding a Fourth Amendment violation under similar circumstances." District of Columbia v. Wesby, -- U.S. --, 138 S. Ct. 577, 591 (2018) (internal marks omitted).  Thus, the officers are entitled to qualified immunity.

Furthermore, Cosby has not created a question of fact as to whether the individual Defendants violated his rights.  He relies entirely on collateral estoppel, citing the criminal proceeding and arguing that "the question of whether there was an unlawful arrest of Plaintiff has been adjudicated and [Defendants are] precluded from even arguing that their arrest of Plaintiff was constitutional." Resp. at 13.  This is incorrect.  The criminal case was prosecuted by the People of the State of Michigan, not by the individual officers, here sued in their individual capacities.  Michigan law does not allow criminal defendants turned civil rights plaintiffs to invoke offensive nonmutual collateral estoppel when suing individual officers. See Lewis v. City of Detroit, No. 09-cv-14792, 2011 WL 2084067, at *3 (E.D. Mich. May 24, 2011) (citing Burda Bros. Inc. v. Walsh, 22 F. App'x 423, 430 (6th Cir. 2011)).  Because this Court sits in Michigan, it is obligated to follow that rule, id. at *2, and Cosby's attempt to assert offensive non-mutual

collateral estoppel must be denied. Having failed to establish the unlawfulness of the arrest in any other manner, Cosby fails to show a violation of his right regarding false arrest, no matter how that right might be defined.

Cosby has failed to articulate a clearly established right definite enough to support a constitutional claim based on false arrest and has also failed to create a fact issue as to whether the individual Defendants unlawfully arrested him. Summary judgment is awarded in favor of the individual Defendants.

### B. Malicious Prosecution under the Fourth Amendment

The federal malicious prosecution claim must be dismissed for two reasons. First, it is outside the scope of the complaint; and based on its location in the state law section of the brief, Cosby may not even have intended to bring it under federal law.

Second, Cosby's claim fails under Sykes, which requires the him to prove the following elements:

> First, the plaintiff must show that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute. . . . Second, because a § 1983 claim is premised on the violation of a constitutional right, the plaintiff must show that there was a lack of probable cause for the criminal prosecution . . . . Third, the plaintiff must show that, as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty, as understood in our Fourth Amendment jurisprudence, apart from the initial seizure. . . . Fourth, the criminal proceeding must have been resolved in the plaintiff's favor.

Sykes, 625 F.3d 294, 308-09 (6th Cir. 2010) (internal citations and marks omitted).

Cosby's claim fails on the second element. He once again attempts to use the fact that the charges against him were dismissed for lack of probable cause for its preclusive effect. The second Sykes element is not identical to the element of a false arrest claim requiring a plaintiff to prove he was arrested without probable cause. Id. at 310-311. ("In order to distinguish appropriately this claim [for malicious prosecution] from one of false arrest, we must consider not only whether the

8

Defendants had probable cause to arrest the Plaintiffs but also whether probable cause existed to initiate the criminal proceeding against the Plaintiffs."). But even assuming the Michigan courts found that the prosecution, as distinct from the arrest, was without probable cause, Cosby may not use collateral estoppel offensively against the individual Defendants, because they did not have a personal stake in the outcome of the earlier proceedings. Burda Bros, 22 F. App'x at 430. Because Cosby has not met his burden of raising a factual issue with respect to this element, summary judgment must be entered against him on his federal malicious prosecution claim.

### C. State Law Claims

Cosby has asserted several state law claims over which the Court had supplemental jurisdiction under 28 U.S.C. § 1367. However, a district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). As no federal claims remain, the Court exercises that option here. Except for the conceded intentional infliction of emotional distress claim, for which summary judgment is granted, the state law claims are dismissed without prejudice.

### IV. CONCLUSION

Defendants Bouchard and Oakland County's motion for summary judgment (Dkt. 23) is granted in full. The individual Defendants' motion for summary judgment is granted in part (Dkt. 24), in that they are entitled to judgment on all federal claims and on the claim for intentional infliction of emotional distress. The remaining state law claims against the individual Defendants are dismissed without prejudice.

SO ORDERED.

Dated: September 25, 2020  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
 United States District Judge

9